# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| AJ'S NIFTY PRODUCTS LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No.  3:26-CV-00944-LS |
| | § | |
| THE PARTNERSHIPS AND | § | |
| UNINCORPORATED ASSOCIATIONS | § | |
| IDENTIFIED ON SCHEDULE A, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER DENYING MOTIONS TO FILE UNDER SEAL

Plaintiff AJ's Nifty Products LLC has filed a motion for leave to file a sealed temporary restraining order[1] and an unredacted Schedule A with Defendants' information.[2]

"The title of the complaint [in a case] must name all the parties."[3] Additionally, federal courts "strongly presum[e] that all trial proceedings should be subject to scrutiny by the public," and "the power to seal court records must be used sparingly in light of the public's right to access."[4] "[A] court abuses its discretion if it 'ma[kes] no mention of the presumption in favor of the public's access to judicial records' and fails to 'articulate any reasons that would support sealing.'"[5] This requires the Court to "undertake a case-by-case, 'document-by-document,' 'line-by-line'" analysis of whether documents should be sealed.[6]

---

[1] ECF No. 7.

[2] ECF No. 8.

[3] Fed. R. Civ. P. 10(a).

[4] *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (quoting *United States v. Ladd*, 218 F.3d 701, 704 (7th Cir. 2000)).

[5] *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (quoting *S.E.C. v. Van Waeyenberge*, 990 F.2d 845, 849 (5th Cir. 1993)).

[6] *Id.* at 419–20 (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 390 (5th Cir. 2017)).

Plaintiff asserts that filing these documents under seal is necessary to prevent Defendants from learning of these proceedings, so that they do not destroy relevant evidence and hide or transfer assets.[7] The Court finds these reasons unpersuasive. The risk of parties destroying evidence and attempting to hide assets exists in many cases, but that does not mean that documents in all such cases should be sealed. Additionally, Defendants, as parties to this suit, do need to learn of these proceedings. Documents generally are sealed for reasons such as protecting trade secrets,[8] the identities of confidential informants,[9] or the "confidential information of third parties."[10] No such or similar reason exists here.

For the foregoing reasons, Plaintiff's motions for leave to file under seal [ECF Nos. 7, 8] are denied.

**SO ORDERED**.

**SIGNED** and **ENTERED** on April 15, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[7] ECF No. 7 at 1; ECF No. 8 at 2.

[8] *Binh Hoa Le*, 990 F.3d at 419.

[9] *Id.*

[10] *Bennett v. Douglaston Realty Mgmt. Corp.*, No. 3:24-CV-2787-S, 2025 WL 2443385, at *1 (N.D. Tex. Aug. 25, 2025) (quoting *Frank Surveying Co. v. Manhard Consulting, Ltd.*, No. 3:22-CV-2837-B, 2024 WL 3015535, at *3 (N.D. Tex. June 14, 2024)).